IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL RODGERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-01631-N |
| | § | |
| CITY OF DALLAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This Order addresses Defendant City of Dallas's (the "City") motion to dismiss [25] and motion to strike [33], and Defendants Dallas County, Texas ("Dallas County") and Officials of the Lew Sterrett Justice Center's (the "Justice Center Officials") motion to dismiss [26] and motion to strike [32]. For the reasons that follow, the Court grants both motions to strike, grants the City's motion to dismiss, and grants Dallas County and the Justice Center Officials' motion to dismiss in part.

## I. THE COURT GRANTS THE MOTIONS TO STRIKE

The defendants move to strike Plaintiff Michael Rodgers's Second Amended Complaint [30]. Because Rodgers did not seek leave of the Court or obtain the defendants' consent to file the Second Amended Complaint, the Court grants the motions to strike.

Federal Rule of Civil Procedure 15(a) limits a party's ability to amend a pleading before trial. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a

responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. Proc. 15(a)(1).  Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2).  "The court should freely give leave when justice so requires." *Id.*

The procedural history of this case shows that Rodgers has repeatedly ignored the requirements of Rule 15(a).  Rodgers filed his Original Complaint on May 11, 2015 [1].  On August 10, 2015, the Justice Center Officials filed a motion to dismiss under Rule 12(b) [15]. Rodgers filed a First Amended Complaint on October 13, 2015 [15] – almost nine weeks after the Justice Center Officials served their responsive pleading.  None of the defendants objected to Rodgers's filing of the First Amended Complaint.  Instead, on October 19, 2015, the City moved to dismiss the First Amended Complaint under Rule 12(b) [25].  Dallas County and the Justice Center Officials also moved to dismiss the First Amended Complaint under Rule 12(b) on October 22, 2015 [26].  On January 8, 2016, Rodgers filed the Second Amended Complaint – more than 21 weeks after the Justice Center Officials filed their first motion to dismiss, and almost 12 weeks after the City moved to dismiss.

Under Rule 15(a), Rodgers was required to obtain either the defendants' written consent or the Court's leave to file the Second Amended Complaint.  Rodgers nevertheless filed his pleading without consent and without leave.  This is the second time Rodgers has violated Rule 15(a), and Rodgers has yet to seek the Court's leave to amend his complaint. Moreover, if the Court refused to strike the Second Amended Complaint, the defendants

would likely just file renewed motions to dismiss, resulting in additional delay and expense. Accordingly, the Court grants the motions to strike the Second Amended Complaint.

## II. THE COURT GRANTS THE MOTIONS TO DISMISS IN PART

### A. *The Origin of the Motions*

Now the Court turns to the defendants' motions to dismiss. This case arises from the alleged denial of medical treatment to Rodgers during his incarceration at the Lew Sterrett Justice Center (the "Justice Center"). According to the First Amended Complaint, Rodgers informed officials at the Justice Center, including a nurse during his preliminary check up, that he was diabetic and required protective footwear. First Am. Compl. ¶ 8 [23]. The nurse gave Rodgers a red tag to indicate his medical condition, but Rodgers never received protective footwear. *Id.* Later, Rodgers informed staff of a gash on his foot and made an additional request for protective footwear. *Id.* ¶ 9. In response, staff placed Rodgers in the psychiatric ward "without proper justification" and without any protection or covering for his feet. *Id.*

Rodgers was released from the Justice Center several days after his placement in the psychiatric ward, at which point he began to exhibit symptoms of illness, including fever, chills, blackness in his left foot, and inability to walk. *Id.* ¶ 10. Rodgers called a doctor, who recommended amputation of his left foot. *Id.* ¶ 11. Rodgers apparently followed the doctor's advice. *See id.* ¶ 13 (referring to the "amputated portion" of Rodgers's body); *id.* ¶ 39 (alleging that lack of footwear caused Rodgers "the eventual loss of his toes").

In his First Amended Complaint, Rodgers asserts several claims against the Justice Center Officials, the City, and Dallas County.  First, Rodgers claims that defendants have engaged in a pattern or practice of cruel and unusual punishment in violation of the Fourteenth Amendment and 42 U.S.C. § 14141.  *Id.* ¶¶ 18, 20.  Second, Rodgers claims that defendants have deprived him of his right to equal protection under the Fifth and Fourteenth Amendments in violation of 42 U.S.C. § 1983.  *Id.* ¶ 25.  Rodgers's second claim for relief also asserts that defendants have deprived him of his right to equal protection in violation of the Texas Constitution, the Texas Tort Claims Act, and Texas common law.  *Id.*  Third, Rodgers claims that the Justice Center Officials exposed him to unsafe prison conditions in violation of the Eighth Amendment.  *Id.* ¶¶ 32–39.  And fourth, Rodgers claims that Dallas County negligently supervises and trains its officials.  *Id.* ¶¶ 40–46.

### B. The Rule 12(b)(6) Standard

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).  But a court does not

accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, "[a] court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, "[a] written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th

Cir. 1994) (citation omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "[t]he district court took appropriate judicial notice of publically available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### C. The Court Dismisses the Claims Against the Justice Center Officials

The Justice Center Officials move to dismiss Rodgers's claims against them, arguing that the Justice Center is not a separate jural entity subject to suit. In order for a plaintiff to sue a servient political agency or department, it must enjoy a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (internal quotation marks and citation omitted). Because the Justice Center is a servient agency with no separate legal existence, the Court dismisses Rodgers's claims against the Justice Center Officials with prejudice.

### D. The Court Dismisses the Claims Against the City

The City contends that Rodgers has failed to state a claim against it because all of the alleged constitutional violations took place at the Justice Center, a Dallas County jail. *See, e.g.*, *Searcy v. Cooper*, 2001 WL 435071, at *3 (N.D. Tex. 2001) (Boyle, Mag. J.) (identifying the Justice Center as the "Dallas County Jail"). Rodgers has not alleged that the City or its officials had any involvement in the incarceration, treatment, or neglect of Rodgers at the Justice Center. Accordingly, the Court dismisses Rodgers's claims against the City with prejudice.

### E. The Court Dismisses the Section 1983 Claim Against Dallas County and Grants Additional Time to Effect Service of Process

### 1. Rodgers Fails to State a Plausible Claim for Relief Under 42 U.S.C. § 1983

*Against Dallas County.* – Dallas County moves to dismiss Rodgers's claim under 42 U.S.C. § 1983 for failure to state a plausible claim for relief.[1]  In order to state a claim for relief under section 1983 against Dallas County, Rodgers must plausibly allege "1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). Dallas County argues that Rodgers has failed to allege the second and third elements.

The Court holds that Rodgers has alleged sufficient facts to establish a violation of his Eighth Amendment right to be free from cruel and unusual punishment.[2]  A prison official violates a prisoner's Eighth Amendment rights when the official acts with deliberate indifference to the prisoner's serious medical needs. *Domino v. Tex. Dept. of Crim. Justice*, 239 F.3d 752, 754 (5th Cir. 2001).  In order to plead deliberate indifference, Rodgers must

---

[1]Dallas County appears to interpret the First Amended Complaint as asserting a section 1983 claim against it for violation of Rodgers's Eighth Amendment right to medical treatment.  Rodgers does not dispute this construction of the First Amended Complaint.

[2]Rodgers does not specify in his First Amended Complaint whether he was a pretrial detainee or a convicted prisoner at the time of his incarceration at the Justice Center.  The distinction is important, as a pretrial detainee's right to basic needs such as medical care and safety is rooted in the procedural and substantive due process guarantees of the Fourteenth Amendment, while a convicted prisoner's right to medical care is based in the Eighth Amendment's prohibition on cruel and unusual punishment.  *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996).  Because "a pretrial detainee's due process rights are said to be 'at least as great as the Eighth Amendment protections available to a convicted prisoner,'" *id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 436 U.S. 239, 244 (1983)), the Court applies the Eighth Amendment standard for purposes of this motion.

show that a prison official both knew of and disregarded an excessive risk to his health and safety. *Id.* at 755. Rodgers has met this standard by alleging that prison officials ignored Rodgers's multiple requests for protective footwear, even though he informed them of his diabetic condition, that he showed them a gash in his foot, and that he was wearing a red tag indicating his medical condition. In response, prison officials allegedly placed Rodgers in the psychiatric ward without any covering for his feet, ultimately leading to the amputation of Rodgers's left foot or toes. These facts sufficiently demonstrate deliberate indifference on the part of prison officials to Rodgers's serious medical needs.

Rodgers has failed, however, to identify any official Dallas County policy that was the moving force behind this violation. "The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Here, Rodgers alleges generally that Dallas County has a practice of tolerating official misconduct at the Justice Center, and that Dallas County negligently trains and supervises its officials. These vague allegations of wrongdoing do not establish a plausible claim for relief.[3]

_____

[3]In his response, Rodgers argues that, under *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), "[a] plaintiff is not required to state or establish exactly in his complaint the policy by which he alleges the defendants violated his rights nor is he required to plead more than a single instance of misconduct." Pl.'s Resp. 3 [27]. Since *Leatherman*, though, the Supreme Court has rejected notice pleading and adopted the more stringent standard of facial plausibility. *See Twombly*, 550 U.S. at 555–56; *Iqbal*, 556 U.S. at 678. The Court applies this standard in deciding Dallas County's motion to dismiss under Rule 12(b)(6).

ORDER – PAGE 8

Because Rodgers does not plausibly allege that any official Dallas County policy was the moving force behind a violation of his Eighth Amendment rights, the Court dismisses the section 1983 claim against Dallas County with leave to replead.

***2. The Court Grants Rodgers Additional Time to Serve Dallas County.*** – Dallas County also moves to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Rodgers must serve Dallas County either by "delivering a copy of the summons and of the complaint to its chief executive officer," or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. Proc. 4(j)(2). In addition, "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. Proc. 4(l). To date, Rodgers has not filed proof of service on Dallas County, and Dallas County has not waived service. The Court thus orders Rodgers to effect service and file proof of service with the Court within 90 days of the date of this Order. *See* Fed. R. Civ. Proc. 4(m).

## CONCLUSION

The Court strikes the Second Amended Complaint. Because neither the Justice Center Officials nor the City are proper parties to the lawsuit, the Court dismisses the First Amended Complaint as to the Justice Center Officials and the City with prejudice. The Court dismisses the section 1983 claim against Dallas County with leave to replead. If Rodgers chooses to replead, he must limit his amendments to curing the deficiencies addressed in this Order. In

addition, Rodgers must effect service and file proof of service with the Court within 90 days of the date of this Order.


Signed February 18, 2016.


_____
David C. Godbey
United States District Judge

ORDER – PAGE 10